UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARTE MORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.   3:07cv259 |
| | ) | |
| WESTVILLE CORRECTIONAL | ) | |
| FACILITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a variety of motions:

(1) Motion to dismiss filed by the defendant Westville Correctional Facility ("WCF") on

September 7, 2007.  The plaintiff Marte Mora ("Mora"), proceeding pro se, filed his response on

November 30, 2007, to which WCF replied on December 11, 2007.  On March 6, 2008, Mora

filed an "answer" to the motion to dismiss and on March 14, 2008, WCF filed a motion to strike

the "answer". Mora responded by filed a "motion and answer" on April 9, 2008 and also by

filing a "Letter of Record"[1] on this same date.

(2) Motion to dismiss filed by the defendant Saint Anthony Memorial Health Centers

_____

[1]  The "Letter of Record" addresses Mora's concerns regarding a form of order that was
included with WCF's motion to strike.  Mora queries why the defendant sent this unsigned form
of order to him, and further queries whether the defendant is permitted to prepare court orders
for judicial signature.  It is a common practice in all courts for the parties to submit a form of
order for a judge to sign in the event the judge agrees with the party's position.  This saves a bit
of time for the presiding judge and such forms of order are routinely signed and entered to
dispose of simple matters of which there can be no real dispute, such as when a party has
obviously failed to follow the rules.  The form of order is not an actual judicial order unless and
until it is signed by a judge and filed with the Clerk of the Court.  It is unclear why the form of
order was sent to Mora, and he should simply disregard the order as it has not, and will not, be
used by the undersigned.

("Hospital"), on October 9, 2007.  Mora responded to the motion on November 30, 2007, to

which the Hospital replied on December 20, 2007.

(3) Motion to dismiss filed by the defendant Correctional Medical Services ("CMS") on

November 1, 2007.  Mora responded to the motion on November 30, 2007.  CMS has declined to

file a reply.

(4) Objection to Supplement to Complaint (DE # 28), filed by the defendant Prison

Health Services ("PHS") on December 27, 2007.[2]

(5) Motion to dismiss filed by the defendant PHS on December 28, 2007. Mora

responded to the motion on March 6, 2008.  PHS has declined to file a reply.

(6) Motion for appointment of counsel filed by Mora on March 3, 2008.

Discussion

Mora has filed the present suit pursuant to 42 U.S.C. § 1983 for alleged violations of his

federal constitutional rights.  The defendants in this suit are WCF, CMS, PHS, and the Hospital.

All of Mora's claims arise from a broken leg Mora received while playing soccer while an

inmate at WCF.  Mora claims that WCF allegedly allowed and authorized the soccer game to be

played with the knowledge that protective equipment was not being worn by the players. Mora

also alleges that WCF and the other defendants failed to properly attend to his medical needs

---

[2] PHS objects that Mora filed his supplement to complaint without seeking leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure.  PHS is correct, and the supplement will be stricken.  However, Mora later filed a motion to amend complaint which was denied due to failure to submit the proposed amended complaint and the materials necessary to serve the persons he seeks to add as defendants.  Upon receipt of the proposed amended complaint and other materials, Mora's amended complaint was docketed on July 15, 2008.  As the amended complaint does not change the law applicable to the pending motions to dismiss, the court will proceed to rule on the motions to dismiss.

2

after his leg was fractured.

WCF has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. When reviewing the sufficiency of a complaint under Rule 12(b)(6), a court must take the allegations contained in the complaint as true. *Morgan v. Bank of Waukegan*, 804 F.2d 970, 973 (7th Cir. 1986). A complaint can be dismissed under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with plaintiffs' allegations." *Id.*

WCF first argues that it is not a "person" subject to suit under Section 1983.

Section 1983 provides:

> Every *person* who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42. U.S.C. § 1983 (emphasis added.) The United States Supreme Court has held that states, their agencies, and officials sued in their official capacities for damages are not "persons" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). The WCF is an agency of the State of Indiana. The WCF is a correctional facility operated by the Indiana Department of Correction ("DOC"), the latter of which is established under Ind. Code § 11-8-2-1 and is an arm of the state. Thus, the DOC and WCF are entities which are subject to the holding in *Will* because they are not "persons" against whom a Section 1983 claim can be maintained.

Mora has not refuted this argument and, in fact, it is irrefutable. WCF is not a "person"

3

for purposes of Section 1983 and cannot be sued thereunder.  Therefore, WCF's motion to dismiss is well taken and will be granted.

WCF further argues that claims against it are barred by the Eleventh Amendment and the principles of sovereign immunity. It has long been established that "[t]he Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005); *see also, Wernsing v. Department of Human Services*, 427 F.3d 466, 468 (7th Cir. 2005) (stating, "Given the eleventh amendment and principles of state sovereign immunity, federal courts cannot enforce state law against the state itself"). Sovereign immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984) (citing *Cory v. White*, 457 U.S. 85, 91 (1982)). In enacting post-Civil War civil rights acts, such as Section 1983, Congress did not attempt to abrogate the states' sovereign immunity. *Quern v. Jordan*, 440 U.S. 332 (1979).

Mora has not responded to this argument.  Clearly, however, the DOC, including the WCF, is an arm of the State of Indiana, and, as such, is entitled to sovereign immunity. Accordingly, Mora cannot pursue his Section 1983 claims against WCF and WCF's motion to dismiss will be granted.  Moreover, WCF's motion to strike Mora's "answer to motion to dismiss" is now moot.

The court will next turn to the motion to dismiss filed by the defendant Hospital. As

noted, Mora has sued the Hospital because he believes that the care he received at the Hospital after fracturing his leg was deficient.  The Hospital seeks to dismiss the claims against it on the basis that it was not acting under color of law, as required to sustain a Section 1983 claim.

Section 1983 creates a federal cause of action where a person's rights, secured by the Constitution and the laws of the United States, are violated by a person acting under color of law.  In order to prevail on such a claim, a plaintiff must prove (1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 .S. 42, 49 (1988).  The eighth amendment, made applicable to the states through the fourteenth amendment, prohibits cruel and unusual punishment and § 1983 may provide a cause of action where certain conditions are met.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1986).

The purpose of §1983 is to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161, (1992) (citing *Carey* v. *Piphus*, 435 U.S. 247, 254-257, (1978)). The Supreme Court has crafted a variety of "tests" to determine whether the acting "under color of law" requirement has been met, and the Seventh Circuit has recognized that these fall into two broad groups. The first is where the state effectively directs or controls the actions of a private party, and the second is where the state delegates a public function to a private entity. *Koifman v. City of Chicago*, 2006 U.S. Dist. LEXIS 15075, at *1-10 (D. Ill. 2006) (citing *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004) (citing *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999) *summary judgment granted in part, denied in part* 184 F.3d 623 (7th Cir. 1999)).

5

In the present case, Mora fails to even allege that the Hospital was in fact a state actor under any test, and as such the Complaint is facially deficient as to a threshold issue in establishing the Hospital's liability under §1983. Moreover, the Hospital  is a private hospital, not a county owned or prison hospital. The Hospital holds itself open to treat all those in need, not merely prisoners. The Complaint is thus facially deficient in this regard and no facts, nor inferences therefrom, suggest the appropriate nexus between the Hospital and the state.

The Hospital further argues that even if it were a state actor, Mora's complaint does not allege facts sufficient to establish that the Hospital was acting with deliberate indifference to a serious medical need. The eighth amendment codifies a prison inmate's right to be free from cruel and unusual punishment, made applicable to the states through the fourteenth amendment. *Estelle*, 429 U.S. 97, at 105. To comply, the state is required to provide medical care that meets with minimal standards of adequacy to prison inmates. *Meriwether v. Faulkner*, 821 F2d 408, 411 (7th Cir. 1987), *cert. denied*, 484 U.S. 935 (1987). The Supreme Court of the United States has interpreted this to mean prisoners may not be subjected to "deliberate indifference to serious medical need." *Estelle*, 429 U.S. 97, at 102-106. In order to prevail, the plaintiff must show both an objectively sufficient serious medical need and deliberate indifference to that need by the person acting under color of law. *Perkins v. Lawson*, 312 F.3d 872 (7th Cir. 2002), (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). While the first prong is objective, the second prong is subjective, requiring the plaintiff to show the actor "was 'subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed' to his health." *Id*, (quoting *Wynn v. Southward*, 251 F.3d 588 (7th Cir. 2001)). Neither negligence nor gross negligence are sufficient to establish deliberate indifference. *Id*, (citing *Washington v.*

*LaPorte County Sheriff's Dep't*, 306 F.3d 515 (7th Cir. 2002) and *Snipes v. DeTella*, 95 F.3d 586 (7th Cir. 1996) *cert. denied* 519 U.S. 1126 (1996). Nor is "recklessness" as used in tort cases enough. *Patrick v. Staples*, 780 F. Supp. 1528, 1541 (D. Ind. 1991) citing *Duckworth v. Franzen,* 780 F.2d 645, 652-53 (7th Cir. 1985). Such infliction must be either deliberate or reckless in the criminal sense. *Id.*

In the present case, the only allegations that could possibly pertain to the Hospital are that the nursing staff ordered him to walk without assistance and the physician failed to order or recommend physical therapy. Mora does not allege, nor could he, that he was denied the necessary surgical procedure. Per Mora's own allegations and exhibits, he was seen in the emergency room upon arrival, and surgery to repair the fracture was discussed with him and performed by Dr. Hartson. In addition, as Mora shows in Exhibits C & D, the Hospital did provide a physical therapy assessment.  Moreover, the Hospital's commitment did not continue after he went back to the correctional facility. His complaints of later care at WCF's Infirmary have nothing to do with the Hospital.

Plaintiff's mere use of the label "deliberately indifferent to Mora's serious medical needs" does not suggest "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Booker v. Record Keeper of the St. Joseph Hospital*, (2006 U.S. Dist. LEXIS 37010, at *7) (N.D. Ind. June 5, 2006) (citing *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992)). Because his allegations do not rise to the level of deliberate indifference to serious medical need, as required to state a claim under §1983, his claim fails.

The Hospital next argues that even if it were acting under color of law, it cannot be liable

7

because liability cannot attach via *respondeat superior*. The Supreme Court of the United States has ruled §1983 liability cannot be levied solely because of the employer-employee relationship. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 695 (1978) (holding local governments are "persons" subject to suit, however liability may not be imposed on a *respondeat superior* theory.). A plaintiff must show "the defendant's personal involvement or participation, or direct responsibility…, by demonstrating a causal link between the defendant's conduct and the plaintiff's injury." *Booker v. Record Keeper of the St. Joseph Hospital*, 2006 U.S. Dist. LEXIS 37010, at *3-4 (N.D. Ind. June 5, 2006) (citing *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985)). To hold a corporate entity responsible, the plaintiff must prove that it maintains a policy or custom that infringes upon the prisoner's constitutional rights or that it failed to act when it was bound to have noticed the misconduct of officers. *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004). Simply stated, the "doctrine of *respondeat superior*…has no application to §1983 actions." *Booker v. Record Keeper of the St. Joseph Hospital*, 2006 U.S. Dist. LEXIS 37010, at *3-4 (N.D. Ind. June 5, 2006) (citing *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993)).

In *Booker*, the prisoner, confined at Hamilton County Jail, was taken to St. Joseph Hospital for treatment of a back condition. The prisoner alleged the care was insufficient and brought suit under §1983 against the hospital, the hospital record keeper and risk management supervisor, physicians, and nurses. The District Court dismissed the entire complaint, holding, *inter alia*, that the hospital who employed the physician and nurses "could only be sued under a *respondeat superior* theory, and the doctrine of *respondeat superior*, has no application to §1983

actions." *Booker v. Record Keeper of the St. Joseph Hospital*, 2006 U.S. Dist. LEXIS 37010, at *4 (N.D. Ind. June 5, 2006).

Here, as to the Hospital, Mora only alleges facts regarding the medical care provided to him. He references a moment in which he allegedly was forced to walk independently and a failure to "order, request, or recommend" physical therapy. He makes no allegations of any direct act or omission by the Hospital. Thus, even if the Complaint could be read to allege that the Hospital was acting under color of law, the only issue would be the medical care provided by the physicians and nurses. Because the doctrine of *respondeat superior* is unavailable as a basis for recover in §1983 actions against the Hospital, Mora has made no claim that would allow him to recover against the Hospital.   Accordingly, for all the foregoing reasons, the Hospital's motion to dismiss will be granted.

The court will now turn to CMS and PHS' motion to dismiss.  Mora has sued CMS and PHS pursuant to Section 1983 alleging that they failed to take care of his medical needs after the accident in which his leg was broken.  Specifically, he states that "doctor john doe" constantly ordered him to get up and walk without allowing his leg to heal properly.  Mora further claims that this doctor told him that WCF had no medical equipment and refused to give him physical therapy.

CMS and PHS argue that Mora cannot rely on the doctrine of *respondeat superior* for recovery against them under Section 1983.  The applicable case law was discussed immediately above in reference to the Hospital's motion to dismiss, and is likewise applicable to CMS and PHS.  Mora has only alleged facts regarding the medical care provided to him by CMS and PHS' employees.  He makes no allegations of any direct act or omission by CMS or PHS.  Nor has he

alleged that CMS or PHS had a custom or policy that was the moving force behind the alleged constitutional violations.  Accordingly, Mora's claims against CMS and PHS will be dismissed.

Finally, the court will turn to Mora's request for appointment of counsel.  In his latest request Mora states that he has requested assistance from five different attorneys, to no avail.  Mora further states that this case is very complicated to him.  However, a review of the record shows that Mora has been able to file requests for extensions of time, respond to motions, request the production of documents, and file an amended complaint.  The court notes that Mora is not presently incarcerated, and thus has presumably has access to local libraries, including library internet access.  Considering Mora's demonstrated ability to submit appropriate filings in this case, and the fact that he is not incarcerated, the court will deny his request for appointment of counsel.

Conclusion

On the basis of the foregoing: (1) WCF's motion to dismiss [DE16] is hereby GRANTED; (2) the Hospital's motion to dismiss [DE 25] is hereby GRANTED; (3) CMS' motion to dismiss [DE 31] is hereby GRANTED; (4) PHS' objection to supplement to complaint [DE 46]  is hereby GRANTED and Mora's supplement to complaint [DE 28] is hereby STRICKEN; (5) PHS' motion to dismiss [48] is hereby GRANTED; and (6) Mora's motion for appointment of counsel [DE 57] is hereby DENIED.

Entered: July 24, 2008.

s/ William C.  Lee
William C. Lee, Judge
United States District Court