UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARTE MORA, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:07-CV-0259 WL |
| WESTVILLE CORRECTIONAL FACILITY, *et al.*, | ) |
| Defendants. | ) |

*OPINION AND ORDER*

After he was released from the custody of the Indiana Department of Correction, Marte Mora filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Westville Correctional Facility, Correctional Medical Services, Prison Health Services, and St. Anthony Memorial Health Center. Mora alleged in his complaint that on May 18, 2005, he broke his leg while participating in a soccer game at the Westville Correctional Facility because the facility did not issue him proper equipment such as "shinguards, tackles and cleats" (Complaint at p. 3). He further alleged the defendants did not provide him proper and appropriate treatment for his injuries, resulting in unnecessary pain and causing his injuries to not heal properly, leaving him with a permanent limp.

On July 24, 2008, the court granted the defendants' motions to dismiss, leaving no active defendants in the case. Mora, however, has moved to amend his complaint to add "ghost insurance #2," Doctor James Oliver Hartson, M.D. and two Jane Doe nurses, Constance Morrow, Bob Bugher, and John Dallas as defendants.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile, and an amendment is futile if it could not withstand a motion to dismiss. *Arazie v. Mullane*, 2 F. 3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993).

Dr. Hartson and the Jane Doe nurses are employed at St. Anthony's Hospital. The claims against these defendants are insufficient to withstand a motion to dismiss because the court granted St. Anthony's motion to dismiss on several grounds, at least two of which also entitle Dr. Hartson and the nurses to dismissal. Mora brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

The United States Supreme Court has defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . .." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). The court has already determined in its order of July 24, 2008, that St. Anthony's Hospital is not a State actor. Dr. Hartson and the Jane Doe

nurses, as employees of St. Anthony's Hospital, are also not state actors, and are therefore not proper defendants in an action brought pursuant to § 1983.

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 13697th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

"Under the Eighth Amendment, [a plaintiff] is not entitled to specific care . . . [or] . . . entitled to the best possible care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence or medical malpractice do not constitute deliberate indifference, *Estelle v. Gamble*, 429 U.S. at 106, and a mere disagreement with a physician over a course of medical treatment states no claim under § 1983 *Brownlow v. Chavez*, 871 F.Supp. 1061, 1064 (S.D.Ind. 1994). Even medical malpractice and incompetence state no claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

In its order granting the defendants' motions to dismiss, this court determined that:

3

> Per Mora's own allegations and exhibits, he was seen in the emergency room upon arrival, and surgery to repair the fracture was discussed with him and performed by Dr. Hartson. In addition, as Mora shows in Exhibits C & D, the Hospital did provide a physical therapy assessment. Moreover, the Hospital's commitment did not continue after he went back to the correctional facility. His complaints of later care at WCF's Infirmary have nothing to do with the hospital.

DE #69 at p. 7. This court dismissed the claims against St. Anthony's in part because the evidence did not support a claim that it was deliberately indifferent to Mora's medical needs. Similarly, the plaintiff's amended complaint does not plead facts that would suggest that Dr. Hartson, the Jane Doe Nurses, and the St. Anthony Memorial Health Center were deliberately indifferent to Mora's serious medical needs.

Mora lists "Ghost Insurance #2" as a defendant in his proposed amended complaint, (DE 67-4 at p. 1). It is unclear wether Mora seeks to sue an insurance company or an insurance company employee, and it is unclear how he believes this defendant violated his federally protected rights. As with private hospitals, insurance companies and their employees do not act under color of state law. Accordingly, this insurance company or insurance company employee is not a proper defendant in a § 1983 action.

In his proposed amended complaint, Mora asserts that "Mr. Constance J. Morrow, Mr. Bob Bugher and Mr. John Dallas are essential defendants." (DE #67-4 at p. 3). Morrow was the Health Care Administrator at the facility, Bugher was the legal director of the Indiana Department of Correction, and Dallas was the regional vice president of CMS (DE #1-2 exhibit H). Mora filed grievances, which he asserts put prison officials no notice of his problems and he also asserts that these defendants did not investigate his complaints after

4

Kenneth Falk, an attorney for the American Civil Liberties Union, sent them a letter advising them that Mora was having problems recovering from his soccer injuries. He states that these defendants were "formally notified about the matter" by his grievance and the Falk letter, but "chose to do nothing." (DE 67-4 at pp. 5-6).

Mora does not allege that these defendants were personally involved in his treatment at the Westville Correctional Facility or at St. Anthony's Hospital. He alleges only that they were put on notice by his grievance and the Falk letter that he was having medical problems and that they did not investigate the problems and correct them. But that officials ignore or deny a prisoner's grievance or other complaints does not violate the prisoner's federally protected rights. *Wilson v. VanNatta*, 291 F.Supp.2d 811, 819 (N.D.Ind. 2003). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted). Failure to investigate a prisoner's complaints does not make an official liable for damages under § 1983.

That the plaintiff has not stated a valid § 1983 claim against any of the defendants does not mean that the facts he recites would not state a colorable State tort claim asserting negligence against at least some of the defendants. Mora may not sue the State of Indiana or its agencies in this court, but could do so in a state tort action. Indeed, the attachments to the plaintiff's original complaint establish that he filed a timely notice of tort claim regarding his complaints.

"Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues, I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 987 (7th Cir. 2001), so the statute of limitations has now run. But Mora may well still be able to file a state tort claim action because of the effect of Indiana Code § 34-11-8-1, "the Journey's Account Statute. This statute is typically used to save an action filed in the wrong court." *Keenan v. Butler*, 869 N.E.2nd 1284, 1290 (Ind. App. 2007) (citations and footnote omitted).

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to proceed *in forma pauperis* (DE #2), DISMISSES this action pursuant to 28 U.S.C. § 1915e(2)(B)(ii) for failure to state a claim upon which relief can be granted, and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff. The dismissal of this action is without prejudice to the plaintiff's right to refile his claims in State Court.

SO ORDERED

**ENTERED**: October 22 , 2008.

s/William C. Lee  
William C. Lee, Judge  
United States District Court