UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTE MORA,                          )
                                     )
              Plaintiff,             )
                                     )
       vs.                           )          CAUSE NO. 3:07-CV-0259 WL
                                     )
WESTVILLE CORRECTIONAL               )
FACILITY, *et al.*,                  )
                                     )
              Defendants.            )

*OPINION AND ORDER*

After he was released from the custody of the Indiana Department of Correction,

Marte Mora filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Westville

Correctional Facility, Correctional Medical Services, Prison Health Services, and St.

Anthony Memorial Health Center. Mora alleged in his complaint that on May 18, 2005,

he broke his leg while participating in a soccer game at the Westville Correctional Facility

("WCF") because the facility did not issue him proper equipment such as "shinguards,

tackles and cleats" (Complaint at p. 3). He further alleged the defendants did not provide

him proper and appropriate treatment for his injuries, resulting in unnecessary pain and

causing his injuries to not heal properly, leaving him with a permanent limp.

On July 24, 2008, the court granted the defendants' motions to dismiss, leaving no

active defendants in the case. Mora, however, had moved to amend his complaint to add

"ghost insurance #2," Doctor James Oliver Hartson, M.D. and two Jane Doe nurses,

Constance Morrow, Bob Bugher, and John Dallas as defendants.

The court screened the proposed amended complaint pursuant to 28 U.S.C. § 1915A(a), and denied the plaintiff's request to file an amended complaint. The court then entered judgment in favor of the defendants and against the plaintiff. Mora has filed a motion to vacate the judgment.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. Ill.) (Citations omitted).

"A motion to alter or amend judgment must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). Because Mora filed his motion to vacate the judgment more than ten days after judgment was entered, the court will treat it as a motion for relief from judgment pursuant to Fed. R. Civ. P 60.

In his motion for relief from judgment, Mora asserts that on May 18, 2005, WCF "authorities authorized a soccer game to be played without any protection equipment, such as shinguards, tackles and cleats." (DE #76-1 at p. 2). He further asserts that in doing so WCF officials violated their own rules and regulations and "knowingly failed to take reasonable measures to ensure their prisoners' safety. Also disregarded the in plain view substantial and effective risk of serious harm to their prisoners' health." (*Id*.). Mora broke his leg during this soccer game.

The court dealt with this issue in its opinion and order of July 24, 2008, granting motions to dismiss filed by the defendants. The complaint named the Westville Correctional Facility as a defendant, and did not name any individual WCF official that may have been involved in organizing the allegedly unsafe soccer game. The Westville Correctional Facility moved for dismissal based on the Eleventh Amendment, and the court granted that request. Nothing in Mora's motion for relief from judgment remotely justifies a different outcome. Moreover, even had Mora named individual defendants who were involved in allowing Mora and the other inmates to play soccer without protective gear, he would not have stated a claim upon which relief could be granted.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992).

Section 1983 was intended to protect only rights guaranteed by federal law, and not to create tort claims for which there are adequate remedies under state law. *Wright v. Collins*, 766 F.2d. 841, 849 (4th Cir. 1985). "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth

Amendment. To state a claim under the Eighth Amendment, McNeil must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for McNeil's welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted.); *see also Reynolds v. Powell*, 370 F.3d 1028, (10th Cir. 2004) (That prison officials allow a pool of water to collect on the floor does not constitute obduracy and wantonness on their part, or pose a serious risk to prisoners' welfare. "Slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.").

Prison officials allowing prisoners to play soccer without shin guards, tackles, and cleats may be negligent, and may state a proper tort claim under state law. But it does not constitute criminal recklessness or evidence obduracy and wantonness on their part, or pose a serious risk to prisoners' welfare within the meaning of the Eighth Amendment. Accordingly, even had Mora sued individual prison officials rather than the facility, he would have stated no claim upon which relief can be granted.

Mora also alleged in his complaint that the WCF and St. Anthony's Hospital were deliberately indifferent to his serious medical needs and denied him reasonable treatment for his injuries. The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as

mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

Mora argues that he had a serious medical need and that the defendants were deliberately indifferent to it by denying him reasonable treatment. Mora is correct that his broken leg constituted a legitimate serious medical need. He asserts that "the WCF authorities, clothed with the authority of state law, **denied** to the prisoner under their care and custody reasonable requests for post-surgery serious medical needs and for a seriously needed post-surgery physical therapy treatment, for his tangible residual injury." (DE #76-1 at p. 4) (emphasis in original).

As already noted, Mora did not name any individual WCF official as a defendant. If he had named individual WCF officials as defendants he may well have stated a claim against them that would have survived a motion to dismiss. But he named only the facility as a defendant, and the facility was entitled to dismissal based on the Eleventh Amendment.

Finally, Mora asserts in his motion for relief from judgment that St. Anthony's Hospital and Dr. Hartson, a doctor employed at the hospital, "did not officially-medically evaluate his patients nor order recommended or suggested post-surgery medical care nor physical therapy treatment for his patient's tangible residual injury." (DE #76-1 at p. 7).

Mora named St. Anthony's Hospital in his original complaint, and sought to add Dr. Hartson in his amended complaint. In its order granting the defendants' motions to dismiss the original complaint, this court determined that:

> Per Mora's own allegations and exhibits, he was seen in the emergency room upon arrival, and surgery to repair the fracture was discussed with him and performed by Dr. Hartson. In addition, as Mora shows in Exhibits C & D, the Hospital did provide a physical therapy assessment. Moreover, the Hospital's commitment did not continue after he went back to the correctional facility. His complaints of later care at WCF's Infirmary have nothing to do with the hospital.

DE #69 at p. 7. This court dismissed the claims against St. Anthony's in part because the evidence did not support a claim that it was deliberately indifferent to Mora's medical needs. Similarly, the plaintiff's amended complaint did not plead facts that would suggest that Dr. Hartson was deliberately indifferent to his serious medical needs.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d at 546. Nothing in Mora's motion for relief from judgment meets the requirements necessary to obtain the extraordinary remedy of vacating the judgment entered in this case.

For the foregoing reasons, the court DENIES the plaintiff's motion vacate the judgment (DE #76).

SO ORDERED

ENTERED: January  8 , 2009

s/William C. Lee
William C.  Lee, Judge
United States District Court