UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARTE MORA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:07-CV-0259 WL |
|  | ) |  |
| WESTVILLE CORRECTIONAL FACILITY, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

*OPINION AND ORDER*

After he was released from the custody of the Indiana Department of Correction, Marte Mora filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Westville Correctional Facility, Correctional Medical Services, Prison Health Services, and St. Anthony Memorial Health Center. Mora alleged in his complaint that on May 18, 2005, he broke his leg while participating in a soccer game at the Westville Correctional Facility ("WCF") because the facility did not issue him proper equipment such as "shinguards, tackles and cleats" (Complaint at p. 3). He further alleged the defendants did not provide him proper and appropriate treatment for his injuries, resulting in unnecessary pain and causing his injuries to not heal properly, leaving him with a permanent limp.

On July 24, 2008, the court granted the defendants' motions to dismiss, leaving no active defendants in the case. Mora, however, had moved to amend his complaint to add "ghost insurance #2," Doctor James Oliver Hartson, M.D. and two Jane Doe nurses, Constance Morrow, Bob Bugher, and John Dallas as defendants. The court reviewed the

plaintiff's submissions pursuant to 28 U.S.C. § 1915e(2)(B)(ii), denied the plaintiff's request to file an amended complaint, and entered judgment in favor of the defendants and against the plaintiff.

Mora filed a motion to vacate the memorandum and opinion, which the court treated as a motion for relief from judgment pursuant to Fed. R. Civ. P 60, and denied on January 8, 2009. Mora has now filed a motion to reconsider, set aside, or correct judgment, which the court will treat as a second motion for relief from judgment pursuant to Fed. R. Civ. P 60.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. Ill.) (Citations omitted).

In its opinion and order denying Mora's first motion for relief from judgment, this court noted that his broken leg constituted a serious medical need under the analysis of *Estelle v. Gamble*, 429 U.S. 97 (1976), and that had his complaint named individual doctors or other officials as defendants, he might have stated a claim upon which relief could have been granted. Mora asserts in his second motion for relief from judgment that he attempted to obtain the names of individual officials before he filed his complaint, but that WCF officials did not cooperate, and that "this deprivation of information requested

2

constitutes a denial of secured constitutional right to due process of law." (DE 79 at p. 3). Under Rule 60, a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Mora's claim that state officials denied him information before he filed his complaint is not a claim for which relief can be granted under Rule 60.

Mora also asserts that he "was unable to obtain the individual names of the WCF officials that were involved in the violation of Mora's federally protected rights. HOWEVER, Mora named them individually when he wrote 'Westville Correctional Facility in '**their**' official and individual capacities'." (DE 79 at p.4) (emphasis in original). This is an argument that Mora should have presented before dismissal or in a Rule 59 motion. In any event, even had Mora named the officials whose names he says he did not know as "John Doe" defendants, it would not have assisted him in avoiding dismissal because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Mora also asserts that after he filed his complaint he sought discovery, but the defendants objected and this court granted the defendants' motion for a protective order and denied Mora's motion for production of documents "with leave to refile it if the court denies the defendants' motions to dismiss this complaint." (DE #56). Mora asserts in his second motion for relief from judgment that the court "had 'broad discretion' and 'inherent

power' to stay discovery pending its ruling on dispositive motions, but this court decided to deny Mora's motion for discovery." (DE 79 at p. 4). How the court should have dealt with this issue might have been proper under Rule 59, but is not something that can be raised in a Rule 60 motion. In any event, denying a motion for production of documents with leave to refile it if the court denies the defendants' motions to dismiss is the functional equivalent of staying discovery pending its rulings on dispositive motions, and this argument does not assist Mora in having the judgement set aside and the case reopened.

Finally, Mora asks that the court reinstate his claim against St. Anthony's Hospital and Dr. Hartson, a doctor employed at the hospital, because "Dr. Hartson did not officially-medically evaluate his patients's tangible residual injury nor discharge him, neither order, recommended or suggest post-surgery medical care nor for the seriously needed physical therapy treatment" for Mora's injury. (DE #79 at p. 6). Mora raised this claim in his first motion for relief from judgment pursuant to Fed. R. Civ. P 60 (DE #76-1 at p. 7), and the court dealt with that argument in its opinion and order of January 8, 2009. Mora presents nothing new in his second motion for relief from judgment, and the court will not revisit its earlier decision on this issue.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."*Harrington v. City of Chicago*, 433 F.3d at 546. Nothing in Mora's second motion for relief from judgment meets the requirements necessary to obtain the extraordinary remedy of vacating the judgment entered in this case.

4

For the foregoing reasons, the court DENIES the plaintiff's motion vacate the judgment (DE #79).

SO ORDERED

ENTERED: May 22 , 2009

                                             s/William C. Lee
                                             William C. Lee, Judge
                                             United States District Court