UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTE MORA,                                )
                                           )
        Plaintiff,                         )
                                           )
    vs.                                    )   CAUSE NO. 3:07-CV-0259 WL
                                           )
WESTVILLE CORRECTIONAL                     )
FACILITY, *et al.*,                        )
                                           )
        Defendants.                        )

*OPINION AND ORDER*

On May 18, 2005, plaintiff Marte Mora broke his leg while participating in a soccer game at the Westville Correctional Facility. On July 26, 2007, after he was released from the custody of the Indiana Department of Correction, Marte Mora filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Westville Correctional Facility, Correctional Medical Services, Prison Health Services, and St. Anthony Memorial Health Center. Mora alleged in his complaint that on May 18, 2005, he broke his leg while participating in a soccer game at the Westville Correctional Facility ("WCF") because the facility did not issue him proper equipment such as "shinguards, tackles and cleats." (DE 1 at 3). He further alleged the defendants did not provide him proper and appropriate treatment for his injuries, resulting in unnecessary pain and causing his injuries to not heal properly, leaving him with a permanent limp.

On July 24, 2008, the court granted the defendants' motions to dismiss, leaving no active defendants in the case. Mora, however, had moved to amend his complaint to add

"ghost insurance #2," Doctor James Oliver Hartson, M.D. and two Jane Doe nurses, Constance Morrow, Bob Bugher, and John Dallas as defendants. The court reviewed the plaintiff's submissions pursuant to 28 U.S.C. § 1915e(2)(B)(ii), denied the plaintiff's request to file an amended complaint, and entered judgment in favor of the defendants and against the plaintiff.

On December 1, 2008, Mora filed a motion to vacate the memorandum and opinion, which the court treated as a motion for relief from judgment pursuant to Fed. R. Civ. P 60, and denied on January 8, 2009. On February 17, 2009, Mora filed a motion for reconsideration and to set aside or correct the judgment, which the court treated as a second motion for relief from judgment pursuant to Fed. R. Civ. P 60 and denied on May 22, 2009. Mora has now filed a third motion for relief from judgment based on Fed. R. Civ. P 60.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. Ill.) (Citations omitted).

In grounds one, two, and three of his most recent motion for relief from judgment, Mora asserts that he had a serious medical need and prison officials and doctors were deliberately indifferent to his needs. A violation of the Eighth Amendment's cruel and

2

unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Mora brought up these issues in his earlier requests for relief from judgment. To recapitulate what the court has said in several orders issued in this case, the court accepted that Mora had a serious medical need, and therefore meet that prong of the *Farmer* test. But most of the defendants Mora named were not proper defendants in a § 1983 action, and other defendants named by Mora were clearly not deliberately indifferent to his needs. In his third motion for relief from judgment, Mora presents no new arguments in regard to these issues.

Mora brought this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The court concluded that most of the defendants Mora sued were not persons, and therefore not subject to being sued in a § 1983 action, and that the defendants who were proper § 1983 defendants were not deliberately indifferent to his medical problems.

3

In grounds four, five, and six, Mora states that he intended to sue several individual defendants who he never identified by name and that prison officials did not cooperate in helping him identify individuals who may have been deliberately indifferent. Mora has already presented all of the arguments he presents in these four grounds in his first and second motions for relief from judgment, and he presents no new arguments in his third motion for relief from judgment in regard to these issues.

In ground seven, Mora argues that "Dr. Hartson knowingly and willfully discriminated [against] his patient for being a prisoner" in violation of the Fourteenth Amendment's Equal Protection clause. (DE 83 at 14). This appears to be a new argument not presented in Mora's pervious Rule 60 motions. But Mora raised no equal protection claim in his original complaint or in his amended complaint in which he sought to add Dr. Hartson as a defendant. A party may not bring up claims not included in his complaint in a motion for relief from judgment.

In ground eight, Mora argues that he "argued and proved that the WCF'S authorities took Mora to the private St. Anthony Memorial for doctor's treatment and surgery" (DE 83 at 16), and therefore St. Anthony's is a proper § 1983 defendant. But St. Anthony's would only be responsible if its officials established a policy that led to Mora being mistreated or if its employees mistreated him. The court specifically found that the St. Anthony's employees Mora sought to sue were not deliberately indifferent to his serious medical needs, so Mora had no claim against St. Anthony's Hospital.

In ground nine, Mora asserts that the court's denial of his motion for appointment of counsel was in error. He has not presented this argument in his earlier motions for relief from judgment. On March 3, 2008, Mora filed a motion for appointment of counsel, which the court denied. Moral filed a motion to reconsider the denial of appointment of counsel, which the court denied on September 30, 2008. The question of denial of appointment of counsel was considered twice by the court and Mora may not raise it in a Rule 60 motion because it is not a claim that could lead to relief from a final judgment.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d at 546. Nothing in Mora's third motion for relief from judgment meets the requirements necessary to obtain the extraordinary remedy of vacating the judgment entered in this case.

For the foregoing reasons, the court DENIES the plaintiff's third motion vacate the judgment (DE #83).

SO ORDERED

ENTERED: October 23 , 2009

                                        s/William C. Lee
                                        William C. Lee, Judge
                                        United States District Court